STATE, JOHN LYONS, PROSECUTOR, v. JOSEPH SPRATFORD.

A conviction under the act concerning disorderly persons (*Rev., p.* 333,) must set out the evidence, so that this court can see whether the judgment is well founded.

---

Joseph Spratford made complaint against the prosecutor before a justice of the peace, charging the prosecutor with using loud, abusive and indecent language, in a public place in Mechanicsville, Middlesex county. A warrant was issued for the apprehension of the prosecutor, by virtue of which he was brought before the justice.

The record sent up, after showing the issuance of this process and the return thereto, proceeds as follows : " The parties appeared, and Joseph Spratford was sworn and examined ; also Sarah English, Mrs. Cullen and William Kelly, for plaintiff ; and John J. Lyons, defendant, was sworn and examined ; also Mrs. Lyons was examined for defendant ; whereupon, and upon consideration on evidence, I adjudged the defendant guilty, and imposed a fine of five dollars, and five dollars and ten cents costs."

Argued at February Term, 1881, before Justices DIXON, REED and PARKER.

For the prosecutor, *J. W. Beekman.*

The opinion of the court was delivered by

REED, J. The complaint is designed to set out a disorderly act, under the sixth section of the revised act concerning disorderly persons. I do not think that any of the reasons aimed at the substance of the complaint are well grounded. It seems to set out the use of loud, abusive and indecent language in a street—a public place in Mechanicsville—so as to authorize the apprehension of the prosecutor as a disorderly person.

The particular reason assigned for reversal—namely, because the record does not show upon what evidence the prosecutor was convicted—attacks the conviction at a vulnerable point.

The early case of *Rex* v. *Pullen*, 1 *Salk.* 369, it is true, announced the rule that, upon an information, the evidence need not be set out specially. But this case stands alone, and the uniform course of judicial sentiment has since been in favor of the view that the facts must be fully disclosed, in order that the judgment upon them may appear well founded. *Regina* v. *Green*, 10 *Mod.* 212; *Rex* v. *Vipont*, 2 *Burr.* 1165; *Rex* v. *Killett*, 4 *Burr.* 2063; *Rex* v. *Read*, *Doug.* 469.

This rule was approved in the case of *Keeler* v. *Milledge*, 4 *Zab.* 143.

The judgment is reversed, with costs.